B. F. Sturtevant Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 106742. Promulgated August 5, 1942.

*Philip Nichols, Esq.*, for the petitioner.
*Davis Haskin, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $23,257.01 in petitioner's 1937 income tax. He disallowed (1) a deduction of $177,521.25 bad debts of the Cooling & Air Conditioning Corporation, of which petitioner owned all the shares, and (2) a deduction of $71,500 loss attributed to the worthlessness of the shares, both disallowances being based on section 112 (b) (6), Revenue Act of 1936.

The essential facts are stipulated and there is no conflicting evidence. The petitioner is a Massachusetts corporation and filed its 1937 income tax return with the collector for Massachusetts.

Before the taxable year, the petitioner, at a cost of $71,500, acquired all the shares of the Cooling & Air Conditioning Corporation. For years it had sold material to the Cooling Corporation, and on December 31, 1937, the indebtedness on this account was $268,679.40. The Cooling Corporation had, since 1931, continuously suffered losses, and on December 31, 1937, its liabilities far exceeded its assets, the balance sheet deficit being $237,521.25. It had no plant or similar tangible assets, the largest asset items being accounts receivable, $179,629.94, and contract work in process, $267,448.42. The largest liability items were the account payable to petitioner, $268,679.40, reserve for uncompleted contracts, $350,735.98, and capital stock, $60,000. The failure of the Cooling Corporation's business to "make profitable headway" in 1937, despite a considerable volume of business done and despite a general improvement in business, indicated before the end of 1937 that its debt to petitioner could not be paid. For the express purpose of discharging its debts, it transferred all its assets to petitioner, including its contracts, and petitioner assumed the $44,856.30 debts to others in order to assure the supply of the materials which such creditors were furnishing for the existing contracts. The net value of the assets thus acquired from the Cooling Corporation was $91,158.13, leaving $177,521.25 of the debt to petitioner wholly worthless and uncollectible. This amount petitioner ascertained to be worthless and charged off before closing its books for the year 1937. The Cooling Corporation did not dissolve, but it has done no business since, and has had no assets. Its shares became worthless in 1937.

The Commissioner's principal justification for the disallowance is that the closing out of the debt was in reality a liquidation of the

Cooling Corporation whereby the petitioner, as a shareholder, received that corporation's property. If this were the fact, section 112 (b) (6) would preclude the recognition of any loss. But it is not shown to be the fact; and, upon the evidence, it can not be said that what was done in the guise of closing out a bad account was in substance a liquidation distribution. There was no difference between the substance and the form of the transaction. In truth, the debt arose from the purchase and sale of merchandise on open account, and nothing indicates that in reality petitioner was, as a shareholder, making capital contributions in enhancement of the value of its shares of stock. It had already paid more for the shares than their par value, and it sold materials to the Cooling Corporation not because it was a shareholder, but in the ordinary course of business. So, too, when the account was settled it was not as a liquidation of petitioner's shareholder interest but as a discharge of its creditor rights. Both corporations passed resolutions that the net value of the assets should be transferred to petitioner as a credit on the indebtedness and that no action be taken toward dissolution. While this expression by two affiliated corporations is not controlling, and the Government has a right to be skeptical to prevent unwarranted deductions, it is entirely reasonable to believe that the resolutions fit the fact; for the Cooling Corporation had a large deficit, and there was no property with which to make a liquidation distribution and therefore no way to bring section 112 (b) (6) into operation.

The Government is not bound to adopt the style in which a taxpayer clothes its transactions as determinative of their true character for tax purposes; but there is no more reason to act upon an artificial designation when used by the Government than when used by the taxpayer. Here the Government argues that there was a liquidation; that in such liquidation, property was received by petitioner; that there was in truth no debt but a capital contribution; and that if there was a debt, its worthlessness was but a form of loss and its deduction may not be taken as a bad debt deduction but as a loss deduction, with the statutory limitation on such deductions. This argument, we think, is not founded in substance and can not be adopted as the ground of the decision.

The indebtedness at the end of 1937 amounted to $268,679.40. The net assets, apart from the petitioner's credit account, were $91,158.13. Petitioner took the assets, consisting mostly of contracts in process, assumed the $44,856.30 liabilities to others, and charged off the remaining $177,521.25, as a debt ascertained to be worthless. This, we think, it had the right to deduct.

By the same circumstances as demonstrated the worthlessness of the account in 1937, the shares were shown to be worthless and petitioner's investment of $71,500 shown to be lost. Nothing remained in the

Cooling Corporation to give value or hope of value to the shares. Although it had not given up its charter, it had nothing else and its business had proven to be unprofitable. The failure of profit in 1937 may be taken to be the "identifiable event" which supports the deduction in 1937.

The Commissioner's disallowance of the deductions of $177,521.25 bad debts and $71,500 loss on shares is reversed. Other items of adjustment are not contested.

*Decision will be entered under Rule 50.*